UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-115-GWU

CHARLES T. MOORE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-115  Charles T. Moore

>   4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
>   5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
>   6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
>   7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

>whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Charles T. Moore, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of insulin-dependent diabetes mellitus with peripheral neuropathy; a history of polysubstance addiction, allegedly in remission; anxiety, rule out substance-induced mood disorder; and status post Fournier's gangrene of the groin. (Tr. 23). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Moore retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 27-30). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 42, seventh grade education, and work experience in construction framing and farming could perform any jobs if he were limited to "sedentary" level exertion and also had the following non-exertional restrictions. (Tr. 603). He: (1)

could perform no balancing or climbing of ladders, ropes, or scaffolds; (2) could occasionally climb ramps or stairs; (3) could not operate foot controls; (4) could not work at heights or around industrial hazards, concentrated vibration, wetness, excess humidity or temperature extremes; and (5) required entry level work with simple, repetitive procedures, no frequent changes in work routines, and no requirement for detailed or complex problem solving or independent planning. (Tr. 603-4). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 604).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The key issue in the present case is whether the ALJ had an adequate basis to reject the opinion of a treating source. The court concludes that the rejection was improper.

Mr. Moore alleged disability due to diabetes and neuropathy. (Tr. 98). Medical records show that his treating neurologist, Dr. David M. Blake, advised him to take "medical disability" on May 10, 2004 due to the progression of diabetic neuropathy. (Tr. 247-8). In fact, Dr. Blake described "advanced, severe diabetes

with painful peripheral neuropathy." (Tr. 247).[1]  Mr. Moore's treating family physician, Dr. Michael A. Boyd, completed a medical assessment form on February 20, 2005 stating that his diagnoses were diabetes mellitus, severe peripheral neuropathy, hyperlipidemia, hypertension, and depression/anxiety. (Tr. 287-8). Dr. Boyd opined that his patient could lift 15 pounds occasionally and 10 pounds frequently, but could sit less than two hours in an eight-hour day and stand and walk less than two hours in an eight-hour day (no more than 30 minutes without interruption), and provided that his legs should be elevated when he was seated. (Tr. 288-9).  There would also be limitations on repetitive reaching, handling, and fingering.  Dr. Boyd opined that pain would constantly interfere with his patient's attention and concentration, that he would be absent more than four times a month, and that he was incapable of even low stress jobs.  (Tr. 288, 290).  On May 10, 2005, Dr. Boyd reiterated in an office note that he believed his patient was "totally disabled." (Tr. 284).  While the ALJ was clearly not obligated to give deference to a conclusory opinion of disability, even from a treating source, the statements do show, among other things, that Dr. Boyd had not seen an improvement in his patient's condition since completing the medical assessment form, and that his opinion as a general practitioner was similar to that of Dr. Blake, a treating

---

[1] An EMG/NCV examination on August, 5, 2004 showed severe axonal neuropathy involving motor and sensory nerves of the legs.  (Tr. 245).

07-115 Charles T. Moore

specialist. There are no contrary opinions from any treating or examining sources.

It is axiomatic that the opinion of a treating source is entitled to great weight, and may even be entitled to controlling weight if it is supported by sufficient objective evidence. See, e.g., Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). If the opinion of the treating source is not given controlling weight the ALJ must apply certain factors outlined in 20 C.F.R. § 416.927(d)(2), such as the length of the treatment relationship and the frequency of examinations, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source in determining what weight to give the opinion. The regulation requires the ALJ to give good reasons for the weight given to the treating source's opinion. If this procedural requirement is not met, a remand may be required even if the decision is otherwise supported by substantial evidence. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544-5 (6th Cir. 2004).

In the present case, the ALJ's reasoning in discounting Dr. Boyd is highly questionable. He completely dismissed Dr. Boyd's mental restrictions because the physician was not a mental health professional and was "not qualified to comment about the plaintiff's mental status." (Tr. 28). The regulations merely provide that a specialist is entitled to greater weight, not that a family practitioner is unqualified to offer an opinion regarding mental health issues. In the present case, Dr. Boyd was apparently relating the plaintiff's purported inability to perform even low stress jobs

…

to his severe pain as well as to depression and anxiety, and there should be little doubt that a treating source who had been prescribing pain medication, and who shortly thereafter referred his patient to a pain management clinic, would be qualified to assess pain-related limitations. Moreover, the only mental health expert whose report is actually contained in the transcript, Dr. Sumi Moon, a psychiatrist, did diagnose severe recurrent major depressive disorder along with "rule out" opioid withdrawal-induced mood disorder. (Tr. 416). Dr. Moon did not give an opinion regarding functional restrictions, but this report does provide independent, professional verification of a medically-determinable mental impairment.

The ALJ stated that his functional assessment was supported by opinions of state agency physicians and psychologists found at Exhibits 1F, 2F, and 4F. (Tr. 28). A review of the reports as contained in the court transcript show that Exhibit 1F is both unsigned and undated (Tr. 124-32), and Exhibit 2F was signed by "Nichole Clayton, SDM" (Tr. 133-41). It does not appear that this individual was, in fact, a physician. Therefore, Dr. Boyd's opinion regarding physical restrictions is completely uncontradicted by any treating, examining, or reviewing source.

Exhibit 4F is a psychiatric review technique form completed by a state agency psychologist, J. Athy, PhD. (Tr. 218-32). However, Dr. Athy included no detailed assessment of the opinion by the treating source that the plaintiff was incapable of even low stress jobs. His brief notes simply include a reference to an

07-115  Charles T. Moore

unspecified source describing the plaintiff as having a normal affect and as being oriented, and a conclusory opinion that the plaintiff's symptoms of pain, and drowsiness due to medication for pain, were not severe.  (Tr. 230).  Such bald assertions are completely inadequate to overcome the opinion of a treating source.

Although as previously described, Dr. Boyd's opinion is uncontradicted, some additional comments on the ALJ's rationale are in order.  He briefly described Dr. Boyd's opinion as being inconsistent with the medication evidence of record and treatment notes.  (Tr. 28).  However, these treatment notes refer to "severe peripheral neuropathy" and pain so severe that it was causing Mr. Moore's blood pressure to be elevated.  (Tr. 286).  Dr. Blake had recommended that he stop working and take medical disability (Tr. 247), a specialist in pain management, Dr. Marc Valley, stated that he did not doubt the severity of discomfort due to diabetic peripheral neuropathy (Tr. 271), and another pain management specialist, Dr. David Bosomworth, gave a series of lumbar nerve blocks (Tr. 499).  While there is other evidence of physical examinations which could be interpreted as showing relatively few problems, Dr. Boyd's opinion is not clearly unsupported by the evidence, viewed as a whole.

The court recognizes that the ALJ's primary rationale for finding the plaintiff not disabled relates to his poor credibility, both in terms of his living arrangements and to his failure to comply with his physician's orders to follow a diabetic diet,

07-115 Charles T. Moore

exercise, and stop smoking, as well as to his initial resistance to taking insulin. (Tr. 28).[2] As the defendant notes in his brief, however, this is not a "compliance case" in which the claimant was found to be disabled but failed to follow prescribed treatment which would restore his ability to work. See 20 C.F.R. § 416.930. Nor did Dr. Boyd suggest that Mr. Moore's limitations were the result of a failure to follow treatment. Although the plaintiff may be less than fully credible, the opinion of the treating physician should, at a minimum, be addressed by a qualified medical advisor with access to all of the evidence, if it is to be rejected.

The decision will be remanded for further consideration.

This the 23rd day of September, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge

---

[2]The ALJ felt that the plaintiff was not truthful on the issue of whether he was separated from his wife and felt there was a serious question of whether he would qualify for SSI if he was living with his wife, who had a job. (Tr. 28). The specific issue of eligibility for SSI is not presented in the present appeal. Certainly, these were issues that could reasonably have been considered as affecting the plaintiff's overall credibility, however.